IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

AUG 10 2015

CLERK_____
SO. DIST. OF GA

PROASSURANCE CASUALTY )
COMPANY, )
 )
       Plaintiff, )
 )
vs. ) CIVIL ACTION NO.: CV415-051
 )
WILSON R. SMITH, ) Jury Trial Demanded
ROBERT L. JENKINS, and )
SMITH AND JENKINS, P.C., )
 )
       Defendants. )
_____ )

## CONSENT PROTECTIVE ORDER

To enable discovery to proceed in this matter and to protect the Plaintiff and Defendants from conflicting Protective Orders, this Court hereby enters the following protective order:

1. For purposes of this litigation, any documents disclosed pursuant to the protective order in <u>Mallette v. Smith et al</u>, Civ. Ac. No. ST-CV-1401943, State Court of Chatham County, and any other protective orders that may be entered in the related state court cases will be treated as confidential (the "Confidential Information"). The Court hereby allows Plaintiff to make limited use of the Confidential Information as outlined below for purposes of framing the legal issues in this case.

2. The Confidential Information is entitled to protection under the Federal Rules of Civil Procedure and other applicable law from disclosure to other individuals and entities not parties to this lawsuit and against use by the parties for purposes other than this litigation.

1

3. The party seeking protection will designate its Confidential Information as confidential by affixing to documents, by stamp or otherwise, a clear statement that the material is confidential. Any documents produced by the Plaintiffs in the related state court cases, including, without limitation, the Mallette v. Smith case, or in response to discovery in this action shall be treated as if marked Confidential.

4. The Confidential Information:

(a) Shall be used only for the purposes of this litigation involving these parties; and

(b) Shall not be disclosed to anyone other than the Plaintiff and its employees, underwriters, and underwriter supervisors, Defendants, the attorneys of record in this case and those attorneys' employees, the jurors, witnesses in the lawsuit, the court reporter and the Court and its personnel; and

(c) It is disclosing party's obligations to inform the individual(s) to whom the information is to be disclosed of the nature of this Protective Order and in particular of the designation of particular information as confidential.

5. The portion of Deposition transcripts in which Confidential Information is discussed or attached thereto will be considered Confidential (the "Confidential Deposition Excerpts"). Any party who contends that a portion of deposition transcripts is confidential will state with reasonable particularly which portions it deems confidential on the record at the deposition or in writing, within ten (10) days after receipt of the transcript. In the event portions of a deposition testimony are deemed confidential, all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the

designating party. In either event, all depositions shall be treated as "Confidential" for a period of ten (10) days after receipt of the transcript by attorneys for each of the parties.

6. No discovery material which comprises or contains material designated confidential, or information taken therefrom, shall be made public by the receiving party or divulged to anyone other than the persons entitled to access as set forth herein.

7. A party may file Confidential Information and Confidential Deposition Excerpts with the Court in connection with any proceedings in this action. The Court hereby orders that any such Confidential Information and Confidential Deposition Excerpts may be filed under seal. Documents that are to be filed under seal should be filed in paper form with the Court Clerk. The Documents should include a cover page which states as follows:

> "This Document is to be filed Under Seal pursuant to the Protective Order Entered on _____ \_\_\_\_, 2015. Contains Confidential Information To Be Opened Only In Accordance With Said Order Or As Directed By The Court."

8. Until further order of the Court, nothing contained in this Protective Order shall preclude a party's use or disclosure of its own Confidential Information in any manner that it was entitled to use or disclose before and absent this litigation.

9. Nothing contained in this Protective Order shall preclude the use of Confidential Information at trial, hearing, or deposition, as well as in the making of motions and preparing for trial, subject to the provisions of paragraphs 4, 5, 6, and 7 above.

10. Nothing in this Protective Order shall affect the rights of any party to seek whatever relief is available to it under the applicable rules of procedure and evidence.

**IT IS SO ORDERED:**

This 10TH day of August, 2015.

Magistrate JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**CONSENTED AND AGREED TO:**

BART, MEYER & COMPANY, LLP

/s/Roy E. Paul, Esq.
Georgia Bar No. 567675
P.O. Box 16089
Savannah, GA 31416
912-598-5151 (phone)
912-598-5152 (fax)
Attorneys for Robert L. Jenkins
[Signed with exp. perm. by WPC]

MITCHELL WARNOCK, LLC

/s/C. Mitchell Warnock, Jr.
Georgia Bar No. 738102
1104 Bellevue Avenue
Dublin, GA 31021
478-275-8119 (phone)
Attorneys for Wilson R. Smith and
Smith and Jenkins, P.C.
[Signed with exp. perm. by WPC]

W. PITTS CARR & ASSOCIATES, PC

/s/William Pitts Carr
Georgia Bar No. 112100
Alexander D. Weatherby
Georgia Bar No. 819975
4200 Nothside Pkwy., NW
10 North Parkway Square
Atlanta, GA 30327
404-442-9000 (phone)
Attorneys for ProAssurance Casualty Company